**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5667-18T3

IN RE APPEAL OF K.J. FOR A
FIREARMS PURCHASERS
IDENTIFICATION CARD.[1]

_____

Submitted October 27, 2020 — Decided  November 12, 2020

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County.

Evan F. Nappen Attorney at Law, PC, attorneys for appellant K.J. (Louis P. Nappen, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent State of New Jersey (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1]  We use initials to protect K.J.'s privacy.  The State has no objection to this request, which is made in point six of K.J.'s appellate brief.

Appellant K.J. challenges an August 19, 2019 order denying her firearms purchaser identification card (FPIC) application. We reverse and remand the matter.

K.J. resides in Brooklyn, New York and is employed by a New Jersey firearm range as a chief range safety officer. She is certified by the New Jersey State Police to sell firearms and prepares documents for background checks for firearm purchasers. In order to maintain her credentials and ultimately become a manager at the range, K.J. applied for an FPIC in December 2018. The FPIC application asked the following "yes" or "no" questions:

> 24. Have you ever been confined or committed to a mental institution or hospital for treatment or observation of a mental or psychiatric condition on a temporary, interim, or permanent basis?
>
> . . . .
>
> 26. Have you ever been attended, treated, or observed by any doctor or psychiatrist or at any hospital or mental institution on an inpatient or outpatient basis for any mental or psychiatric condition?

K.J. answered "no" to both questions.

Because K.J. resides outside of New Jersey, her application was handled by a New Jersey State Police investigator. The investigation revealed K.J. had no criminal convictions, juvenile delinquency adjudications, restraining orders,

A-5667-18T3

or substance abuse issues. She never had a firearm seized from her, nor is she on the terrorism watchlist. As required by her application, K.J. furnished her consent to search her mental health records in New Jersey. The search was negative. The investigator requested she provide a consent to search for mental health records in New York. According to the investigator's testimony, the New York mental health records check showed "NO RECORD" of any commitment; however, the New York State Division of Criminal Justice files for mental health records returned a "hit" connecting K.J. to a mental health professional.

As a result, the investigator called K.J. to inform her the FPIC application "would be denied if there was no further information provided" regarding the hit and to advise her how to appeal the denial. K.J. did not provide additional information and the investigator sent her a letter stating her application was denied because she "failed to disclose information pertaining to a mental health issue associated with questions #24 and/or #26." The letter stated the New York mental health records search "revealed that you have been attended, treated, or observed by a doctor or psychiatrist in direct contradiction of your answers to the questions on that application making you subject to the disabilities of N.J.S.[A.] 2C:58-3[(]c[)](3)."

K.J. appealed from the denial in the Law Division. In a written submission, she claimed she "was unaware there was a mental health note on [her] record because [she] believed it was never recorded. This event had never shown up on previous background checks." She explained she was involved in an altercation and the "police . . . chose to hold me in a mental facility without due process rather than arrest me. I was released and had no idea this would appear on my record. I have not had such an event before or since." K.J. also provided a letter from her treating psychiatrist to the trial court. The letter was not admitted into evidence because the judge found the State was unable to cross-examine the doctor. Notwithstanding, K.J. testified regarding her treatment and revealed she had been treating with the doctor since April 2016 for anxiety and initially took a course of Klonopin and Wellbutrin but was currently only on Wellbutrin.

Regarding the hit on her mental health records search, K.J. testified that in April 2016, she "was attacked in [a] club . . . was very upset, and . . . was trying to talk to the cops and they wouldn't listen. . . . And instead of . . . remaining very calm, [she] was yelling at the cops because [she] was very upset . . . they had arrested [her] instead of the people that had attacked [her]." As a

result of the incident, K.J. explained she was housed in a psychiatric ward of a New York hospital for four days, and then began seeing her psychiatrist.

Regarding her responses to the FPIC questions, K.J. explained she answered question 24 "no" because she believed her psychiatric hospitalization was expunged when the charges from the nightclub incident were dismissed. Regarding question 26, K.J. stated:

> I answered no because I misread the question unfortunately. . . . I would have said yes. . . . I thought it said ["]and["] instead of ["]or["]. . . . I thought it said in a hospital. I know that's a very small technical thing, but [my psychiatrist] is not in a hospital. . . . [I]f I had read it . . . more carefully . . . I would have said yes.

At the conclusion of the proceeding the trial judge engaged in the following colloquy with K.J.:

> THE COURT: I've listened to all the testimony and I have some concerns. . . . [Y]ou know people do make a mistake sometimes on these applications. . . . . But I have two questions on here, numbers 24 and . . . 26, both of which . . . you answered no to. You may have misunderstood them, but I don't know how you could [mis]understand two [questions] or think that the . . . hospitalization . . . would be expunged. . . . [A]ny hospitalizations, . . . are always in your record.
>
> [K.J.]: I thought it all had to do with one case.
>
> THE COURT: Okay.
>
> [K.J.]: So I didn't believe it would still be on there.

A-5667-18T3

THE COURT: Okay. But that's the one question. Then on the other question, you know, you were seeing [a psychiatrist] and you still answered no. . . . If it was just one or the other . . . .

. . . .

I understand what you're saying, but based on all the testimony that I've heard today and the documentation that I've observed, I'm going to deny the appeal. And . . . I just want to . . . make it clear that it is not because you are taking medication; that has nothing to do with this application or decision whatsoever. But it's the fact that the two answers are not correct. Okay. That's it.

The trial judge entered the August 19, 2019 order, which stated: "Pursuant to N.J.S.A. 2C:58-4 . . . [i]t is . . . [ordered] that under N.J.S.A. 2C:39-6.1, the appeal by [K.J.] for a[n FPIC] is [denied]."

K.J raises the following points on this appeal:

POINT 1. THE COURT BELOW SHOULD BE REVERSED FOR FAILING TO SPECIFY ANY N.J.S.[A.] 2C:58-3C DISQUALIFIER TO DENY THIS SHALL-ISSUE LICENSE AND FOR RELYING UPON IRRELEVANT STATUTES TO DENY THIS SHALL-ISSUE LICENSE.

POINT 2. THE DECISION OF THE COURT BELOW SHOULD BE REVERSED SINCE NO N.J.S.[A.] 2C:58-3C DISQUALIFIER OR MATERIAL REASON FOR DISQUALIFICATION WAS FOUND BY THE COURT BELOW.

6

POINT 3.   THE SUPERINTENDENT OF STATE POLICE ERRED: BY FAILING TO PROVIDE A DUE PROCESS CONFERENCE WITH APPELLANT PRIOR TO DENYING HER, BY REQUIRING AN ADDED FORM CONTRARY TO N.J.S.[A.] 2C:58-3F, AND BY NOT APPEARING AT THE HEARING BELOW OR BY OTHERWISE PROFFERING GOOD CAUSE FOR DELEGATING ANOTHER'S APPEARANCE IN HIS ABSENCE.   (Not Raised Below).

> a.    The Initial Issuing Authority Erred By Failing To Conference With Appellant Prior To Denying Her.   (Not Raised Below).

> b.    The Initial Issuing Authority Erred By Requiring An Added Form Contrary To N.J.S.[A.] 2C:58-3F.  (Not Raised Below).

> c.    The Superintendent Erred By Failing To Appeal At The Hearing Below Or Otherwise Proffer Good Cause For Delegating Another's Appearance In His Absence.  (Not Raised Below).

POINT 4.  NEW JERSEY'S FIREARM PURCHASER IDENTIFICATION CARD APPLICATION FORM FAILS TO PROVIDE PROPER DUE PROCESS REGARDING EXEMPTIONS.

POINT 5.  APPELLANT SHOULD NOT BE DENIED HER FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL SECOND AMENDMENT RIGHTS FOR A REASON THAT DOES NOT RISE ABOVE RATIONAL BASIS OR CONSTITUTE A

7

"LONGSTANDING PROHIBITION" TO FIREARM POSSESSION. (NOT RAISED BELOW).

POINT 6. IT IS RESPECTFULLY REQUESTED THAT THIS MATTER REFERENCE APPELLANT BY HER INITIALS. (NOT RAISED BELOW).

The findings by a trial judge are "binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). We will "'not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

At the outset, we do not address points three, four, and five of K.J.'s arguments because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). With respect to points one and two of her brief, we agree the trial judge erred because he did not make a finding and did not apply the correct law.

K.J. applied for an FPIC, pursuant to N.J.S.A. 2C:58-3, which states: "No person of good character and good repute in the community in which [they] live[], and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a . . . firearms purchaser identification card."  The statute further states:

> No handgun purchase permit or firearms purchaser identification card shall be issued:
>
>   . . . .
>
> . . . to any person who has ever been confined for a mental disorder, . . . unless any of the foregoing persons produces a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that [they are] no longer suffering from that particular disability in a manner that would interfere with or handicap [them] in the handling of firearms; to any person who knowingly falsifies any information on the application form for a handgun purchase permit or firearms purchaser identification card;
>
> [N.J.S.A. 2C:58-3(c)(3).]

A denial of an application for an FPIC is subject to a de novo appeal in the Law Division.  In re Osworth, 365 N.J. Super. 72, 77 (App. Div. 2003) (citing Weston v. State, 60 N.J. 36, 45 (1972)).  The State "has the burden of proving the existence of good cause for the denial by a preponderance of the evidence."  Osworth, 365 N.J. Super. at 77.  Hearsay is admissible, but there must be

9

sufficient legally competent evidence to support the court's findings. Weston, 60 N.J. at 50-51.

Notwithstanding the judge's ability to admit hearsay, the letter from K.J.'s psychiatrist, which contained medical diagnoses, was not admitted into evidence. We find no error because evidentiary determinations are a matter of the trial judge's discretion and "[w]e will only reverse if the error 'is of such a nature as to have been clearly capable of producing an unjust result.'" Ehrlich v. Sorokin, 451 N.J. Super. 119, 128 (App. Div. 2017) (quoting Parker v. Poole, 440 N.J. Super. 7, 16 (App. Div. 2015)). Moreover, K.J. does not raise the evidential determination as a reason for reversal.

This leaves the portion of N.J.S.A. 2C:58-3(c)(3), which requires the State to prove K.J. knowingly falsified her FPIC application. Although the State presented evidence in this regard, the trial judge did not make the critical finding of whether K.J. knowingly falsified the application. Contrary to the State's arguments on appeal, we do not agree that the order contained mere "typographical error[s]" or that the decision was "clearly based" on N.J.S.A. 2C:58-3. The lack of statutory findings, the citation to inapplicable statutes, and the ramifications for K.J. impel us to remand this matter to the trial judge to make the appropriate findings and apply the correct law.

10

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5667-18T3